United States District Court
Southern District of Texas
**ENTERED**
March 18, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MANUEL MACIAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00043 |
| | § | |
| DEWITT COUNTY TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER MODIFYING AND ADOPTING
MEMORANDUM AND RECOMMENDATION
AND DISMISSING ALL CLAIMS**

Jason Perez (Perez) was a seriously mentally ill individual. In the last weeks of his life, he was arrested, detained for short periods of time, and then released on a number of occasions in DeWitt and Live Oak Counties, Texas. Late in the evening on the date of his last release, and after having been given a ride to a Dairy Queen by a patrol officer not connected to this case, Perez was in a delusional state and wandered into the roadway where he was fatally struck by a vehicle. His parents Manuel Macias and Diana Perez (Plaintiffs), filed this action alleging multiple claims associated with Perez's wrongful death, tying it to Defendants' failures to detain and treat Perez for his mental illness.

Pending before the Court are three motions to dismiss filed by the following groups of Defendants:

> (1) Motion filed by Defendants Live Oak County, Texas; Live Oak County
> Sheriff Larry Busby; Corporal A. Perry, individually and in her official

capacity; and Analicia Vasquez, individually and in her official capacity (Live Oak Motion, D.E. 27);

(2) Motion filed by Defendants Gulf Bend Center and Jeffrey Tunnell (Gulf Bend Motion, D.E. 28); and

(3) Motion (DE. 29) filed by

 a. Defendants DeWitt County, Texas; Krystal Hernandez; Jeremy Torres; Melissa Guajardo; and DeWitt County Sheriff Carl Bowen (DeWitt County Defendants); and

 b. Coastal Plains Community Center; Patricia Carabajal; Umamaheswara Maruvada; Leo Trejo; and Linda Madrigal (the Coastal Plains Community Center Defendants).

On December 15, 2023, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R, D.E. 36), recommending that all three motions be granted or granted in part, dismissing all claims with the exception of the 42 U.S.C. § 1983 claims for constitutional violations against Defendants Analicia Perry (Perry), Analicia Vasquez (Vasquez),[1] and Patricia Carabajal (Carabajal) in their individual capacities.

The remaining parties—Plaintiffs as well as Defendants Perry, Vasquez, and Carabajal—each timely filed their objections (D.E. 37, 38, 39). Defendant Gulf Bend also filed its response (D.E. 44) to Plaintiffs' objections. For clarity, the Court will review the recommended disposition of each claim addressed in the motions, before addressing the objections.

---

[1]  Defendants have stated that Analicia Perry and Analicia Vasquez are the same person. D.E. 38, p. 1. Pursuant to the Rule 12(b)(6) standard of review that requires acceptance of the plaintiff's allegations as true, the Magistrate Judge accepted Plaintiffs' treatment of them as two individuals. No objection to that treatment has been filed. *See* D.E. 36, p. 2 n.2, p. 41 n.17. For purposes of consistency, the Court likewise treats them as separate individuals.

## STANDARD OF REVIEW

With respect to a dispositive matter, a magistrate judge issues a memorandum and recommendation setting out the findings of fact and conclusions of law intended to support the recommendations.  28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).  The district court conducts a de novo review of any part of a magistrate judge's memorandum and recommendation that has been properly objected to.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).   As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (discussing pro se petitioner's objections to M&R), *overruled on other grounds Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").  The Supreme Court has noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

## DISCUSSION

### A. Preliminary Recommendations

- In connection with the § 1983 claims, the Magistrate Judge recommends dismissal of Defendants Leo Trejo, Umamaheswara Maruvada, Linda Madrigal, and the city of Three Rivers, Texas because any allegations made against them are conclusory.  D.E. 36, p. 8 n.5.  There is no objection to this recommended holding and it is **ADOPTED.**   The claims against those Defendants are **DISMISSED**.

- The Magistrate Judge recommended dismissal of the § 1983 claims against Defendants Bowen and Tunnell in their official capacities because Plaintiffs have also sued their employing entities, rendering the official capacity claims redundant. D.E. 36, p. 22 n.9.  There is no objection to this recommended holding and it is **ADOPTED.**  The claims against those Defendants in their official capacities are **DISMISSED**.

- The Magistrate Judge recommended dismissal of the § 1983 claims against Defendants Busby and Carabajal in their official capacities because Plaintiffs have also sued their employing entities, rendering the official capacity claims redundant. D.E. 36, p. 29 n.13.  There is no objection to this recommended holding and it is **ADOPTED.**  The claims against those Defendants in their official capacities are **DISMISSED**.

- The Magistrate Judge treated the Americans with Disabilities Act/Rehabilitation Act (ADA/RA) claims as pled only against the public entity Defendants because the statutes do not provide for finding liability against individuals.   D.E. 36, p. 5 n.3. No objection is made to this conclusion.  It is **ADOPTED** and any claims alleged pursuant to the ADA and RA are **DISMISSED** as to the individual Defendants.

- The Magistrate Judge concluded that any attempted healthcare liability claims against Defendants Carabajal, Gulf Bend, or Coastal Plains, brought pursuant to Chapter 74 of the Texas Civil Practice and Remedies Code, were not supported by sufficient factual allegations of medical negligence.  D.E. 36, p. 39 n.15.   There are no objections to this conclusion and it is **ADOPTED**.  Any attempted healthcare liability claim against these Defendants is **DISMISSED**.

## B. Civil Rights Act, 42 U.S.C. § 1983 (Fourth and Fourteenth Amendments) (Counts I, II, III)

### 1.   Jurisdictional Standing

The Magistrate Judge concluded that Plaintiffs do not have standing to pursue any constitutional claims for their own injuries in their individual capacity, but that they can proceed to attempt recovery on behalf of the Estate of Perez in their representative capacity. D.E. 36, pp. 13-15. There is no objection to this recommended holding and it is **ADOPTED**.  All claims asserted pursuant to § 1983 in Plaintiffs' respective individual capacities are **DISMISSED**.

### 2.   Failure to State a Claim

#### a.  Individual Capacity and Qualified Immunity

**Guajardo, Hernandez, Torres, and Tunnell**.  The Magistrate Judge found that the allegations against Defendants Guajardo, Hernandez, and Torres are insufficient to demonstrate deliberate indifference (D.E. 36, pp. 15-19) or overcome their qualified immunity defense (*id.*, pp. 19-20).  The M&R also recites that there were no allegations of personal involvement against Defendant Tunnell, who is sued in his individual capacity and is stated to be a high-ranking official for Defendant Gulf Bend.  Neither were there allegations of any policies he may have participated in or that any Gulf Bend employees were involved in any wrongdoing against Perez, including any possibility of training DeWitt County employees.  D.E. 36, pp. 20-22.  Consequently, the M&R recommends that the claims against Tunnell also be dismissed for insufficient facts to support a constitutional violation.

There are no objections to these recommendations and the analysis is **ADOPTED**.  The individual capacity § 1983 claims against Defendants Guajardo, Hernandez, Torres, and Tunnell are **DISMISSED**.

**Perry, Vasquez, and Carabajal**.  The Magistrate Judge found that the facts alleged against Perry, Vasquez, and Carabajal in their individual capacities were sufficient to demonstrate deliberate indifference to Perez's serious medical needs and substantial risk of harm so as to show a constitutional violation and to defeat qualified immunity.  D.E. 36, pp. 28-29.  Defendants Perry, Vasquez, and Carabajal filed their objections to the

recommended retention of the claims against them in their individual capacities.  Between them, they assert four objections.

**Causation.**  First, citing Texas law, they all object because Perez's presence in the free world and the vehicle driven by a private citizen on the public roadway interrupted any causal connection between the constitutional allegations against them and the fatal injuries sustained by Perez.  D.E. 37, p. 1; 38, pp. 3-4.  They argue that this makes the claim speculative and not sufficiently pled.  *Id.*, pp. 1-2.

The Fifth Circuit has held that Texas law on causation applies to claims against individuals for wrongful death under §§ 1983 and 1988.  *Slade v. City of Marshall, Tex.*, 814 F.3d 263, 267 (5th Cir. 2016).[2]  The proximate cause standard applies to wrongful death actions generally based on a negligence, as opposed to a product liability, theory. *Carrera v. Yañez*, 491 S.W.3d 90, 94 (Tex. App.—San Antonio 2016, no pet.) (citing *Praesel v. Johnson*, 967 S.W.2d 391, 394 (Tex. 1998); *Ramirez v. Colonial Freight Warehouse Co.*, 434 S.W.3d 244, 249 (Tex. App.–Houston [1st Dist.] 2014, pet. denied)).

As the Supreme Court of Texas has written:

> Proximate cause has two elements: cause in fact and foreseeability. *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992). "These elements cannot be established by mere conjecture, guess, or speculation." *Doe* [*v. Boys Clubs of Greater Dallas, Inc.*], 907 S.W.2d [472,] at 477 [(Tex. 1995)]. The test for cause in fact is whether the act or omission was a substantial factor in causing the injury without which the harm would not have occurred. *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727 (Tex. 2003). ***If the defendant's negligence***

---

[2]  *Cf. Stokes v. Bullins*, 844 F.2d 269, 276 & n.11 (5th Cir. 1988) (state law on causation does not apply to § 1983 claims based on *Monell* where the policy must be the "moving force" behind the constitutional violation).

> *merely furnished a condition that made the injuries possible,*
> *there can be no cause in fact*. *See IHS Cedars Treatment Ctr.*
> *of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 799 (Tex.
> 2004).

*W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005) (emphasis added).

Cause in fact is sometimes referred to as "legal cause." *See Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471-72 (Tex. 1991). "The negligence must [] be a substantial factor in bringing about the plaintiff's harm. The word "substantial" is used to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause . . . ." *Id*. at 472 (quoting Restatement (Second) of Torts § 431, comment a (1965)).

In *Lear Siegler*, the injury happened because the plaintiffs' decedent was located at a particular time and place in traffic where a passing motorist hit and killed him. His location was not dictated by the alleged liability facts, but plaintiffs alleged that the liability issues placed the decedent in a "zone of danger." At the summary judgment phase, the Supreme Court of Texas concluded, "We recognize there may be cases in which a product defect or a defendant's negligence exposes another to an increased risk of harm by placing him in a particular place at a given time. Nonetheless, there are certain situations in which the happenstance of place and time is too attenuated from the defendant's conduct for liability to be imposed." *Id*. (finding as a matter of law that the plaintiff's location was a mere condition for his injury and the injury was not caused by the liability alleged); *see also*, *Rodriguez-Escobar v. Goss*, 392 S.W.3d 109, 114-15 (Tex. 2013) (cause in fact

lacking where plaintiff's decedent committed suicide off premises after the defendant failed to involuntarily hospitalize her).

The Court **HOLDS** that Texas law on legal cause or cause in fact precludes recovery where the injury results from a condition of time and place that was not substantially related to the wrongful nature of the conduct of the defendant. The individual Defendants' alleged conduct—failure to properly screen and treat Perez for his mental illness—did not require or cause him to be on the roadway where he was killed. The first objection is **SUSTAINED** and the Court **DISMISSES** the § 1983 claims against Defendants Perry, Vasquez, and Carabajal because the facts pled, taken as true, demonstrate that Plaintiffs cannot prove causation.

**Constitutional Right Underlying the Claim**. Second, Defendant Carabajal advances the argument expressly rejected by the Magistrate Judge: that Plaintiffs' claim is based on an erroneous assertion of a constitutional right to be incarcerated, rather than a claim for failure to provide medical care (involving mental health screening and treatment) while in law enforcement custody. *See* D.E. 36, p. 15; D.E. 37, pp. 2-4. Her objection is not accompanied by any authority.

Defendant Carabajal mischaracterizes Plaintiffs' argument, suggesting that there was some reason other than the medical evaluation and treatment issue that Plaintiffs contend should have kept Perez in custody. That is not Plaintiffs' argument. Instead, they argue that Perez's need for treatment was evaluated while he was in custody. And delivering the treatment that they argue was necessary would have kept him in custody.

Their argument for Perez's custodial care is inextricably linked to their argument that he had a constitutional right to be evaluated and treated when he was already in custody. The second objection is **OVERRULED**.

**Statutory Limits on Conduct**. Third, Defendants Perry and Vasquez argue that Plaintiffs' theory essentially imposes a malpractice cause of action that does not exist in Texas law because they deferred to Defendant Carabajal's professional assessment and were not in a position to overrule it and maintain custody of Perez. D.E. 38, pp. 4-6 (quoting Texas Health and Safety Code §§ 573.022, 573.023 and citing Texas Administrative Code § 273.5(b)). They point out that Plaintiffs have not satisfied their burden of proof on qualified immunity to demonstrate that any statutory or caselaw exists allowing them, much less requiring them, to overrule Carabajal's rejection of Perez as a patient or to continue to detain him without a criminal charge. D.E. 38, p. 8.

Defendants did not raise this specific statutory issue in their motion. *See* D.E. 27. Therefore, the Magistrate Judge was not given an opportunity to rule on it, and did not address it sua sponte. *See* D.E. 36. This issue was arguably waived for purposes of this Rule 12 proceeding. *See generally, RPV, Ltd. as Tr. for Vill. Tr. v. Netsphere, Inc*., 771 F. App'x 532, 536 (5th Cir. 2019) (issue raised only in motion for reconsideration was waived); *cf, United Transp. Union v. Fla. E. Coast Ry. Co*., 586 F.2d 520 (5th Cir. 1978) (issues omitted from Rule 12(b)(6) motion may be raised in a separate motion proceeding later in the case). However, because of the Court's ruling on the issue of causation, the Court need not, and does not, opine on the merits of this statutory issue. The objection is

**OVERRULED** as moot and the issue is disregarded at this stage of the proceedings, without prejudice.

**Clearly Established Law**.  Fourth, Defendant Carabajal also objects to the denial of qualified immunity.  D.E 37, p. 4.  She argues that it is not clearly established that her conduct with respect to mental health screening was clearly unreasonable in light of existing law.  Carabajal's argument fails to give effect to the standard of review requiring the Court to take Plaintiffs' allegations as true.  Those allegations are that Perez was clearly displaying sufficient mental illness to require detention and treatment and that Carabajal was deliberately indifferent by failing to note and apply Perez's symptoms in her decision to turn him away, failing to provide any treatment.  The law on deliberate indifference to serious medical needs is well established.  The facts sufficiently state a claim for deliberate indifference as it has been defined by caselaw and it therefore withstands the qualified immunity defense at the pleading stage.   The fourth objection is **OVERRULED**.  However, the holding that the complaint survives the qualified immunity defense has been rendered **MOOT** by the Court's determination of the issue of causation.

### b. *Monell* Claims

**DeWitt County / Gulf Bend.**  The Magistrate Judge found that the factual allegations as to DeWitt County and Gulf Bend were insufficient to support a constitutional claim that requires a finding of deliberate indifference.  Without that predicate, there could be no relevant policy-based *Monell* liability against Defendants DeWitt County or Gulf Bend.  D.E. 36, p. 23.

**Live Oak County / Coastal Plains.**   The Magistrate Judge found that the allegations against Live Oak County and Coastal Plains were factually insufficient to support a *Monell* claim, including a claim for failure to train, supervise, or discipline employees on mental health screening and treatment.   D.E. 36, pp. 29-32.   More specifically, the Magistrate Judge found the allegations vague and conclusory with respect to any similar instances of unconstitutional conduct to support a pattern, custom, or practice that amounts to a deliberately indifferent policy.   *Id.*, pp. 32-34.   He specifically rejected the argument that this single incident was sufficient to demonstrate the necessary policy.   *Id.*, pp. 34-35.

Plaintiffs do not object to the dismissal of claims against Defendants DeWitt and Live Oak Counties.   However, they do object to the dismissal of claims against Defendants Gulf Bend and Coastal Plains, arguing only that *Monell* does not apply to nongovernmental parties.   D.E. 39, p. 2.   Plaintiffs cite no authority for their argument, which was not raised in response to the motions to dismiss and was therefore waived.   D.E. 32; *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *see also*, *e.g.*, *Place v. Thomas*, No. 2-40923, 2003 WL 342287, at *1 (5th Cir. Jan. 29, 2003) (per curiam).

Instead, Plaintiffs have argued throughout this case that Gulf Bend and Coastal Plains were agents of the State acting under color of law and liable under *Monell*.[3]   D.E.

---

[3]  Plaintiffs' argument is inherently inconsistent with their pleading.  To recover under § 1983, the defendant must be a "person" who acted under "color of law."  42 U.S.C. § 1983 (assigning liability to "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia" violates a person's constitutional rights).  But in challenging the application of *Monell*, which is the method by which plaintiffs may satisfy the "person" requirement of § 1983, they contend that Defendants are not governmental (color-of-law) parties.

32, p. 4 ("Live Oak, Dewitt, Gulf Bend, and Coastal Plains are each liable under *Monell*.").

At any rate, the argument that such agencies are not entitled to governmental status has

been rejected. *See Arrendondo v. Gulf Bend Ctr.*, No. CV H-06-1580, 2006 WL 8450460,

at *3 (S.D. Tex. Aug. 2, 2006) (Hittner, J.) (citing Tex. Health & Safety Code Ann. §

534.001(b) - (c)(1) and *Dall. Cnty. Mental Health & Mental Retardation v. Bossley*, 968

S.W.2d 339, 343 (Tex. 1998) (Mental Health & Mental Retardation organizations are

agents of the state entitled to governmental immunity)).

Moreover, Plaintiffs have not objected to the M&R's analysis concluding that there

were insufficient allegations to support a finding that any employee of Gulf Bend

participated in conduct amounting to a constitutional violation. *See* D.E. 36, pp. 20-21; 44,

pp. 3-4.  So even if *Monell* did not apply, the pleading is insufficient to raise a constitutional

claim against Gulf Bend.  Plaintiffs' objection is **OVERRULED** and the Court **ADOPTS**

the recommendations.  The *Monell* claims against DeWitt County, Gulf Bend, Live Oak

County, and Coastal Plains are **DISMISSED**.

## C. ADA/RA Claims for Disability Discrimination (Count IV)

The Magistrate Judge concluded that Plaintiffs had not demonstrated an ADA or

RA claim because they failed to show that any conduct of Defendants DeWitt County, Gulf

Bend, Live Oak County, or Coastal Plains was motivated by an animus toward Perez's

mental health illness.  D.E. 36, pp. 35-37.  A denial of treatment is not actionable under the

ADA/RA without such discriminatory intent. *Id*., pp. 37-38.

Plaintiffs object, claiming that they pled sufficient facts.  D.E. 39, p. 1.  They seek to distinguish *Walls v. Texas Dept. of Criminal Justice*, 270 F. App'x 358, 359 (5th Cir. 2008) and instead rely on *Windham v. Harris County, Texas*, 875 F.3d 229, 235 (5th Cir. 2017), arguing that the element of discrimination is satisfied by allegations of a failure to accommodate.  D.E. 39, p. 3.  First, *Walls* is only one of a number of cases cited by the Magistrate Judge in support of his recommendation and Plaintiffs do not purport to distinguish the others.  Second, *Windham* involved law enforcement officers who caused injury to a man with cervical stenosis by requiring him to perform sobriety tests despite his efforts to inform them of the limitations of his condition.  *Windham* has no application here, where Plaintiffs claim that Defendants had an obligation to treat Perez for a pre-existing condition.  Plaintiffs' objection is **OVERRULED** and the Court **ADOPTS** the Magistrate Judge's findings and conclusions regarding the ADA/RA claims.  The Court **DISMISSES** the ADA/RA claims.

### D. Loss of Consortium and Familial Relationships (Count V)

The Magistrate Judge treated the assertion of the claims for loss of consortium and familial relationships as claims for damages rather than as separate causes of action. Because he recommended that the wrongful death and survival claims should be retained, he recommended that the damages issues remain intact.  D.E. 36, p. 43.  There are no objections to this recommendation.  However, the Court's rulings on all liability claims obviate the need for pleading damages.  Therefore, the Court **DISMISSES** the claims for damages pled as a separate count.

### E. Wrongful Death and Survival under 42 U.S.C. § 1988 (Count VI)

The Magistrate Judge accepted Plaintiffs' representation that they are not making a claim for wrongful death under state law.  D.E. 36, p. 39.  To the extent that they state their wrongful death and survival claims under §§ 1983 and 1988, the Magistrate Judge concluded that they were sufficient as against Defendants Perry, Vasquez, and Carabajal in their individual capacities without violating the Texas Tort Claims Act or sovereign immunity.  *Id*., p. 41.  Moreover, the allegations of causation were sufficient to avoid dismissal at the pleading stage.  *Id*., p. 42.  However, the claim was found to be insufficient with respect to the remaining Defendants because of the failure to allege sufficient facts to support liability.  *Id*.

The objections based on lack of causation asserted by Defendants Perry, Vasquez, and Carabajal, addressed above, apply equally to eliminate this claim.  The causation objections are **SUSTAINED** and the Court **DISMISSES** the claims against Perry, Vasquez, and Carabajal for wrongful death and survival under §§ 1983 and 1988.

### F. Denial of Leave to Amend

The Magistrate Judge recommended that Plaintiffs not be given an additional opportunity to amend their complaint, given the number of opportunities already provided, notice of defects in multiple motions to dismiss that had been mooted by amended pleadings, and warnings to plead their best case.  D.E. 36, pp. 43-46.  There are no objections to this recommendation and it is **ADOPTED**.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as the objections of (a) Plaintiffs, (b) Perry and Vasquez, and (c) Carbajal, along with all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, and having ruled as set out above, the Court notes that the findings and conclusions of the Memorandum and Recommendation are **MODIFIED** with respect to the single objection that is **SUSTAINED** as to causation.

Accordingly, Defendants' motions to dismiss (D.E. 27, 28, 29) are **GRANTED** as to all causes of action and this action is **DISMISSED WITH PREJUDICE**.

**ORDERED** on March 18, 2024.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE