United States District Court
Southern District of Texas
**ENTERED**
October 17, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MANUEL MACIAS, *et al.*, | § |
| | § |
| Plaintiffs, | § |
| | § |
| VS. | §     CIVIL ACTION NO. 2:23-CV-00043 |
| | § |
| DEWITT COUNTY TEXAS, *et al.*, | § |
| | § |
| Defendants. | § |

## MEMORANDUM AND RECOMMENDATION

Pending is Plaintiffs' Motion to Alter and Amend the Final Judgment. (D.E. 47). Defendants have filed a Joint Response (D.E. 48) to which Plaintiffs have filed a Reply (D.E. 49). This Motion has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636. (D.E. 22). For the reasons stated below, the undersigned **RECOMMENDS** Plaintiffs' Motion to Alter or Amend the Final Judgment be **DENIED**.

## I. BACKGROUND

The factual and procedural background of this case is set forth in the undersigned's Memorandum and Recommendation (M&R) regarding Defendants' motions to dismiss and United States District Judge Nelva Gonzales Ramos's Order modifying and adopting the M&R and dismissing all claims. (D.E. 36, D.E. 45) and need not be set forth again at length. Nevertheless, a brief summery is appropriate.

On December 7, 2020, 22-year-old Jason John Perez, who Plaintiffs allege had a history of mental illness, was struck and killed by a vehicle driven by a private citizen

1 / 12

several hours after he was released from the Live Oak County Jail. A few weeks prior to his arrest, Mr. Perez had been arrested and temporarily incarcerated in the DeWitt County Jail.

On November 16, 2022, Plaintiffs Manuel Macias and Diana Perez filed this action in state court as the heirs and representatives of the estate of Jason Perez. Plaintiffs raised a variety of claims against a variety of defendants, including municipalities, law enforcement officers, and a number of other individuals and private entities. (D.E. 1-6). Plaintiffs sought to raise a variety of Civil Rights claims under 42 U.S.C. § 1983, claims under the Americans with Disabilities Act and Rehabilitation Act, and various state law claims including wrongful death. (D.E. 1-6). Defendants removed this action from state court to this Court on February 23, 2023. (D.E. 1). After several motions to dismiss were filed, and already having amended their complaint once, Plaintiffs were cautioned of their pleading deficiencies and were given "one, final opportunity to amend" their complaint. (D.E. 24). On August 17, 2023, Plaintiffs filed their Second Amended Complaint (D.E. 25) to which Defendants again filed motions to dismiss. (D.E. 27, D.E. 28 and D.E. 29).

On December 15, 2023, the undersigned entered his M & R to deny the motion to dismiss in part and retain Plaintiffs' Section 1983 claims against Defendants Analicia Perry, Analicia Vasquez and Patricia Carabajal in their individual capacities and to dismiss all Plaintiffs' remaining claims. (D.E. 36). Perry and Vasquez were alleged to have worked at the Live Oak County Jail, the jail from which Jason Perez was released shortly before he was struck by a car and killed. Carabajal was alleged to have been an employee of the

Coastal Plains Community Center, with some alleged responsibility for Jason Perez's mental health assessment prior to his being released from custody. The undersigned recommended these defendants not be dismissed based on Plaintiff's allegations the defendants failed to properly assess or document Jason Perez's serious mental health condition or ensure he received emergency mental health care. The undersigned found the facts alleged were sufficient to raise a claim that these defendants were deliberately indifferent to Jason Perez's serious medical needs and to defeat qualified immunity. These defendants and Plaintiffs filed objections to the M & R. (D.E. 37, De. 38, D.E. 39).

On March 18, 2024, Judge Ramos entered her Order Modifying and Adopting Memorandum and Recommendations. (D.E. 45). Judge Ramos adopted the undersigned's recommendations to dismiss, however, she also found that the motions to dismiss as to Defendants Perry, Vasquez, and Carabajal should be granted. (D.E. 45). Addressing the issue of causation, or the lack thereof, and dismissing the claims against Perry, Vasquez, and Carabajal, Judge Ramos held "[T]hat Texas law on legal cause or cause in fact precludes recovery where the injury results from a condition of time and place that was not substantially related to the wrongful nature of the conduct of the defendant. The individual Defendants' alleged conduct—failure to properly screen and treat Perez for his mental illness—did not require or cause him to be on the roadway where he was killed." (D.E. 45 p. 9). Final Judgment was entered on March 18, 2024, dismissing this action with prejudice. (D.E. 46).

On April 15, 2024, Plaintiffs filed the instant Motion to Alter and Amend the Final Judgment requesting the Court reconsider its holding that causation was lacking as to the direct and proximate cause of Jason Perez's death with regard to the acts and omissions of Defendants Perry, Vasquez and Carabajal. (D.E. 47).  Defendants filed their Joint Response (D.E. 48) to which Plaintiffs filed a Reply.  (D.E. 49).

## II.   LEGAL STANDARD

"While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order." *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004) (citing *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998)).  Plaintiffs cite both rules as a basis for reconsideration. The Motion is timely under both rules. Fed. R. Civ. P. 59(e) & 60(c).

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.,* 367 F.3d 473, 478–79 (5th Cir.2004) (citing *In re TransTexas Gas Corp.,* 303 F.3d 571, 581 (5th Cir. 2002)).  "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir.1990)).

To prevail on a Rule 59(e) motion, the movant must show either: (1) a manifest error of law or fact; (2) an intervening change in controlling law; or (3) the availability of new evidence not previously available. *See Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). The Fifth Circuit has explained that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d at 479.

Federal Rule of Civil Procedure 60(b) provides six grounds for relief. Plaintiffs only seek relief under subsection 60(b)(6). Under subsection 6, the Court may grant relief from judgment for "any other reason that justifies relief." Subsection 6 is sometimes referred to as a catch all provision. *Webb v. Davis*, 940 F.3d 892, 899 (5th Cir. 2019). A party moving under Rule 60(b) must show "unusual or unique circumstances." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985). Rule 60(b) allows the trial court to "correct obvious errors or injustices." *Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir. 1977). *See Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998) ("[R]elief under rule 60(b) is considered an extraordinary remedy, this court has held that the rule should be construed in order to do substantial justice.")

### III.   ANALYSIS

In the M & R on the Defendants' motions to dismiss, the undersigned found Plaintiffs had alleged sufficient facts against Perry, Vasquez, and Carabajal to state a viable

claim that these defendants, in their individual capacities, were deliberately indifferent to Jason Perez's serious medical needs and to defeat qualified immunity. (D.E. 36, pp. 28-29.). These Defendants filed objections to the M&R arguing, among other things, the causal connection between the allegations against them and the injuries sustained by Jason Perez was interrupted by the victim's presence in the free world and the vehicle driven by a private citizen on a public roadway. In her Order Modifying and Adopting Memorandum and Recommendation and Dismissing All Claims, Judge Ramos correctly summarized applicable authorities on the issue of causation as follows:

> The Fifth Circuit has held that Texas law on causation applies to claims against individuals for wrongful death under §§ 1983 and 1988. *Slade v. City of Marshall, Tex.*, 814 F.3d 263, 267 (5th Cir. 2016). The proximate cause standard applies to wrongful death actions generally based on a negligence, as opposed to a product liability, theory. *Carrera v. Yañez*, 491 S.W.3d 90, 94 (Tex. App.—San Antonio 2016, no pet.) (citing *Praesel v. Johnson*, 967 S.W.2d 391, 394 (Tex. 1998); *Ramirez v. Colonial Freight Warehouse Co.*, 434 S.W.3d 244, 249 (Tex. App.–Houston [1st Dist.] 2014, pet. denied)).
>
> As the Supreme Court of Texas has written:
>
>> Proximate cause has two elements: cause in fact and foreseeability. *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992). "These elements cannot be established by mere conjecture, guess, or speculation." *Doe [v. Boys Clubs of Greater Dallas, Inc.*], 907 S.W.2d [472,] at 477 [(Tex. 1995)]. The test for cause in fact is whether the act or omission was a substantial factor in causing the injury without which the harm would not have occurred. *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727 (Tex. 2003). If the defendant's negligence merely furnished a condition that made the injuries possible, there can be no cause in fact. *See IHS*

> > *Cedars Treatment Ctr. of Desoto, Tex., Inc*. v. *Mason*, 143 S.W.3d 794, 799 (Tex. 2004).
>
> *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005) (emphasis added).
>
> Cause in fact is sometimes referred to as "legal cause." *See Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471-72 (Tex. 1991). "The negligence must [] be a substantial factor in bringing about the plaintiff's harm. The word "substantial" is used to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause . . . ." Id. at 472 (quoting Restatement (Second) of Torts § 431, comment a (1965)).
>
> In *Lear Siegler*, the injury happened because the plaintiffs' decedent was located at a particular time and place in traffic where a passing motorist hit and killed him. His location was not dictated by the alleged liability facts, but plaintiffs alleged that the liability issues placed the decedent in a "zone of danger." At the summary judgment phase, the Supreme Court of Texas concluded, "We recognize there may be cases in which a product defect or a defendant's negligence exposes another to an increased risk of harm by placing him in a particular place at a given time. Nonetheless, there are certain situations in which the happenstance of place and time is too attenuated from the defendant's conduct for liability to be imposed." *Id.* (finding as a matter of law that the plaintiff's location was a mere condition for his injury and the injury was not caused by the liability alleged); *see also*, *Rodriguez-Escobar v. Goss*, 392 S.W.3d 109, 114-15 (Tex. 2013) (cause in fact lacking where plaintiff's decedent committed suicide off premises after the defendant failed to involuntarily hospitalize her).

(D.E. 45, pp. 6-9).

After considering the applicable authorities, Judge Ramos sustained the Defendants' objection on causation, and dismissed Plaintiffs' § 1983 claims against Perry, Vasquez, and Carabajal, holding, "Texas law on legal cause or cause in fact precludes recovery where the injury results from a condition of time and place that was not substantially related to the wrongful nature of the conduct of the defendant. The individual Defendants' alleged

conduct—failure to properly screen and treat Perez for his mental illness—did not require or cause him to be on the roadway where he was killed." (D.E. 45, p. 9).

Plaintiffs' Motion for Reconsideration is based on their argument the Court was mistaken when it found the facts alleged in Plaintiffs' Second Amended Complaint were fatally deficient on the issue of causation. Plaintiffs initially argue it is premature for this Court to decide the case based on a lack of causation. Plaintiffs cite *Nichols v. Brazos Cty.*, No. 4:19-cv-02820, 2020 WL 956239 (S.D. Tex. Feb. 26, 2020) (Order granting in part defendants' motion to dismiss).[1] *Nichols* involved an inmate who died shortly after being released from the Brazos County Detention Center. Nichols alleged the death was the result of the victim not receiving appropriate medication while in custody. The district judge in *Nichols* declined to address the causation issue at the motion to dismiss stage because Nichols' claims were plausible. *Nichols,* No. 4:19-cv-02820, D.E. 20, p. 22; *Nichols*, 2020 WL 956239, at *11 *Nichols* does not support Plaintiffs' Motion for Reconsideration because unlike the judge in *Nichols,* Judge Ramos found Plaintiffs' factual allegations were so lacking on the issue of causation as to be not plausible.

Next, Plaintiffs argue "[v]ery simply, if the Emergency Detention Order ("EDO") protocols had been followed and had Perez not been met with deliberate indifference, then he would have been in custody receiving treatment, not wandering about in the street posing a serious risk of lethal harm to himself and others (which was the exact reason for

---

[1] Plaintiffs did not provide a case number for this citation, however, the undersigned believes he has identified the correct case.

him being carefully taken into custody and closely monitored for treatment by the officers who knew his then-active mental health issues very well - as documented, pleaded, and found by the Magistrate)." (D.E. 47). Plaintiffs cite several cases where courts have found sufficient proximate cause where persons were released from custody or other facilities only to be killed under unfortunate circumstances. *E.g. Urbach v. United States*, 869 F.2d 829, 835 (5th Cir. 1989)(Proximate cause found where mental patient was hit by train after escaping); *Estate of Lee v. Cont'l Trailways*, 564 S.W.2d 392 (Tex.Civ.App.--Dallas 1978 writ ref'd n.r.e.) (Bus company was found liable for ejecting a passenger by the side of a highway where he was run over and killed shortly thereafter). Plaintiffs also seek to distinguish cases relied on by the Defendants in support of the Court's dismissal pointing out that none of the cases cited by Defendants were decided at the motion to dismiss stage. (D.E. 49).

Plaintiffs have done nothing to establish a sound basis under either Rule 59(e) or 60(b) for the Court to reconsider its decision. Plaintiffs have not cited a new case warranting a decision in its favor or even an old case compelling a different result. Rather, Plaintiffs rehash previous arguments or make additional arguments which could have been made earlier. Under Rule 59(e) Plaintiffs have done nothing to establish either a manifest error of law or fact or an intervening change in controlling law. *See Schiller,* 342 F.3d at 567. Additionally, the catch all provision of Rule 60(b)(6) is more stringent and Plaintiffs have not shown "unusual or unique circumstances." *Pryor*, 769 F.2d at 286. Further, Plaintiffs have not shown the Court made obvious errors or injustices that need to be

9 / 12

corrected. *Fackelman*, 564 F.2d at 736. Plaintiffs' disagreement with the Court's analysis and application of the correct legal authorities does not present a compelling reason under either Rule 59(e) or Rule 60(b).

In Plaintiffs' Reply (D.E. 49), they argue for the first time that Judge Ramos failed to address all of their claims against Defendants Perry, Vasquez, and Carabajal. (D.E. 49, p. 2). Plaintiffs argue "there was no analysis of the survival claims based on the denial of medical care for Jason's serious medical needs while he was in custody of Live Oak County, and Dewitt County Defendants." (D.E. 49, p. 2). Plaintiffs further argue,

> Plaintiffs were deprived the opportunity to address the application of the state law 'proximate cause standard' that applies to state law wrongful death actions that This Court relied on to overrule and modify the M&R in *Slade*. While this Court acknowledged the claims for wrongful death were brought pursuant to the 1988 it did not demonstrate its application to the survival 14th Assuming that the causation finding was appropriate as applied to the 42 U.S.C. 1983 claims for wrongful death through 42 U.S.C. 1988, would be limited to the wrongful death claims, under *Slade*, and not the survival claims under the 14th Amendment for denial of medical care for Jason's serious medical needs while he was in the care of the defendants.

(D.E. 49, p. 2-3). Plaintiffs' argument on this point is a little like the pot calling the kettle black because: (1) it is not well briefed, (2) their explanation and analysis is unclear, (3) no authorities cited support the proposition that Judge Ramos erred, and (4) without explanation, this argument is raised for the first time in their reply. Plaintiffs' counsel has previously been admonished by Judge Ramos and the undersigned magistrate judge that their written work product is lacking. (D.E. 36, pp. 43-46). Plaintiffs' briefing continues to disappoint. Plaintiffs' briefing and pleading continue to be haphazard, disorganized and difficult to follow. Judge Ramos' Order is clear that Plaintiffs' claims against Defendants

Perry, Vasquez, and Carabajal are not plausible. The undersigned and Judge Ramos have explained their analysis with sufficient clarity. To the extent any purported argument has not been addressed, Plaintiffs' counsel has likewise failed to meet the burden under either Rule 59(e) or 60(b) to articulate the error or explain why relief is warranted.

## IV.   RECOMMENDATION

For the reasons stated above, the undersigned respectfully **RECOMMENDS** Plaintiffs' Motion to Alter or Amend the Final Judgment be **DENIED**.

Respectfully submitted on October 17, 2024.

_____
Jason B. Libby
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).